UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tony Dejuan Jackson, | Case No. 23-cv-168 (PJS/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Paul Schnell, *Commissioner of Minnesota Department of Corrections*; and Guy Bosch, *Warden Stillwater Correctional Facility*, | |
| Defendants. | |

In January 2023, Plaintiff Tony Dejuan Jackson, a prisoner, filed a complaint alleging various civil rights violations against prison officials (ECF No. 1). He filed an amended complaint approximately one month later ("Amended Complaint") (ECF No. 4). In lieu of paying the filing fee, Mr. Jackson filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 2). The Court must address Mr. Jackson's IFP application before taking any other action is taken in this matter.

Because Mr. Jackson is currently in prison, his IFP application is subject to the requirements of 28 U.S.C. § 1915(b). According to this statute — which is part of the Prison Litigation Reform Act of 1995 ("PLRA") — prisoners who are granted IFP status are not excused from paying the court filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount up front. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time.").

Mr. Jackson has an extensive litigation history in this District. *See, e.g.*, *Jackson v. Schnell*, No. 22-CV-0965 (WMW/JFD), 2022 WL 17418038, at *1 & n.2 (D. Minn. Aug. 19, 2022), *report and recommendation adopted*, 2022 WL 17091170 (D. Minn. Nov. 21, 2022) (listing cases). As a result, he is not only aware of the filing fee requirements for proceeding IFP as a prisoner, but he has also accumulated three "strikes" under 28 U.S.C. § 1915(g). *See, e.g.*, *id.* at *1 n.2; *Jackson v. FindJodi.com, Inc.*, No. 21-CV-1777 (SRN/DTS), 2022 WL 1050354, at *1 (D. Minn. Mar. 23, 2022). Pursuant to section 1915(g):

> in no event shall a prisoner bring a civil action … under this section [i.e., proceed *in forma pauperis* ("IFP")] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Under this provision, to commence this action Mr. Jackson must now pay the full filing fee of $402.00 unless he can establish that "he is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Charron v. Allen*, 37 F.4th 483, 486 (8th Cir. 2022) ("Section 1915(g) does not prohibit prisoners from pursuing legal claims … It only limits their ability to proceed in forma pauperis.") (quoting *Lyon v. Krol*, 127 F.3d 763, 765 (8th Cir. 1997)).

The Eighth Circuit held that "the requisite imminent danger of serious physical injury must exist at the time the complaint or appeal is filed, not when the alleged wrongdoing occurred." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "Absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury," "general" or "conclusory assertions" are insufficient to invoke the exception to section 1915(g). *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 n.1 (3d. Cir. 2001) (en banc)). The Court has informed Mr. Jackson of this specific requirement before. *See*

*Jackson v. Schnell*, No. 22-CV-0965 (WMW/JFD), 2022 WL 1684129, at *1 (D. Minn. May 26, 2022) (quoting *Martin* and denying Mr. Jackson IFP status).

Mr. Jackson's Amended Complaint is 66-pages long and contains a laundry list of generally unrelated grievances against prison officials. (*See* ECF No. 4.) While his claims defy easy summation, they can generally be reduced as follows: (1) prison officials have unfairly discriminated against him on account of his race in depriving him of programming, including access to higher education (ECF No. 4 at 6)[1]; (2) on February 12, 2023, Mr. Jackson experienced a "bloody nose, aching muscles, headaches, and pain in his eye sockets," but as of the date of filing his Amended Complaint, February 27, 2023, he has not seen a doctor (*id.* at 11); (3) in December 2021, prison officials wrongly (and unfairly) identified Mr. Jackson an inmate who was "agitating" other inmates, which led to his placement in administrative segregation (*id.* at 13-31); (4) when Mr. Jackson was released from administrative segregation, prison officials assigned him to a new cell, but he lost personal property in the process because not all his property fit into the two bins the Department of Corrections allotted him (*id.* at 32); (5) on December 20, 2021, education security staff issued an incident report unfairly accusing him of verbally abusive and disorderly conduct (*id.* at 35); (6) in January 2022, jail personnel failed to provide him with the necessary time and equipment to complete his work assignment (*id.* at 38-39); (7) on January 31, 2022, jail personnel violated facility policy by locking him in his cell (*id.* at p. 40-41); (8) on June 6, 2022, prison officials transported Mr. Jackson to the hospital for a hernia, medical personnel told him that he needed immediate surgery, but prison officials did not approve the surgery and transported him back to prison (*id.* at 46); (9) when Mr. Jackson returned to the prison, prison officials placed him in quarantine even though he was fully vaccinated for COVID-19 (*id.* at 47); (10) in May 2022,

---

[1] The Court cites to the Amended Complaint's page numbers.

prison officials denied Mr. Jackson immediate medical attention when Mr. Jackson's skin started to itch after a shower, and when he experienced high blood pressure (*id.* at 48-50); and (11) labor union lobbying has contributed to an unsafe living environment for inmates, including Mr. Jackson (*id.* at 54-57).

There are many problems with these claims.[2] But the Court need not address any of them here because Mr. Jackson has not established how conduct from late December 2021 – May 2022 renders him in "imminent danger of serious physical injury" now. *Martin*, 319 F.3d at 1050. The closest Mr. Jackson gets to establishing the requisite "imminent danger of serious physical injury" standard is in alleging that he experienced a "bloody nose, aching muscles, headaches, and pain in his eye sockets" on February 12, 2023, but that as of February 27, 2023 he had not seen a doctor. (ECF No. 4 at 11). "By using the term 'imminent,' [however], Congress indicated that it wanted to include a safety valve for the 'three strikes rule' to prevent impending future harms, not those harms that had already occurred." *Martin*, 319 F.3d at 1050 (internal quotation omitted). Mr. Jackson claims he experienced a bloody nose and pain once. He does not allege that this condition persist—only that as of February 27, 2023 he had not yet seen a doctor. Accordingly, Mr. Jackson's Amended Complaint fails to satisfy the "imminent-danger-of-serious-physical-injury" exception to 28 U.S.C. § 1915(g).

Consequently, if Mr. Jackson decides to pursue this action, he must pay the full $402 filing fee **by no later than March 27, 2023**. If Mr. Jackson fails to submit payment by that date, the

---

[2] The Court notes that many of these claims appear duplicative of those he asserts in *Jackson v. Schnell*, 22-CV-0965 (WMW/JFD), 2022 WL 17418038, at *2 (D. Minn. Aug. 19, 2022), *reported and recommendation adopted by* 2022 WL 17091170 (D. Minn. Nov. 21, 2022). In that action, Mr. Jackson paid the full filing fee, but his complaint was dismissed without prejudice for failure to comply with the Federal Rules of Civil Procedure. *Id.* at *3-4. The court also warned Mr. Jackson that if he continued to file meritless litigation, he would be permitted to file future actions only if he is represented by an attorney or receives written permission from a judge in this District. *Id.* at *3-4.

Court will recommend dismissing the action without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b). As a reminder to Mr. Jackson, should he pay the full filing fee, his Amended Complaint will still be subject to review pursuant to 28 U.S.C. § 1915A to determine, for example, whether it states a cause of action on which relief can be granted.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff Tony Dejuan Jackson's application to proceed *in forma pauperis* (ECF No. [2]) is **DENIED**; and

2. Mr. Jackson must pay the full $402 filing fee for this action **by no later than March 27, 2023**, failing which this Court will recommend that this action be dismissed without prejudice for failure to prosecute.

Dated: March 6, 2023                              *s/ Dulce J. Foster*
                                                  DULCE FOSTER
                                                  United States Magistrate Judge